Nordyke and Marmon Co. *v.* Smith—76 Ind. App. 72.

---

## NORDYKE AND MARMON COMPANY *v.* SMITH.

[No. 10,893.   Filed June 9, 1921.]

1. APPEAL.—*Review.*—*Weighing Evidence.*—The court on appeal will not weigh evidence.   p. 73.

2. MUNICIPAL CORPORATIONS.—*Use of Streets.*—*Collisions.*—*Personal Injuries.*—*Negligence.*—*Evidence.*—In an action by one riding a bicycle in a public street to recover for injuries sustained in a collision with defendant's motor truck, evidence *held* sufficient to sustain a finding that defendant's servant was guilty of negligence and that plaintiff was free from contributory negligence.   p. 73.

From Marion Superior Court (A6,683) ; *Theophilus J. Moll*, Judge.

Action by Wix Smith against the Nordyke and Marmon Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson*, for appellant.

*Arthur J. Franklin* and *Pickens, Moores, Davidson & Pickens*, for appellee.

NICHOLS, P. J.—This was an action by appellee against appellant for damages resulting from injuries

received in a collision between appellee's bicycle upon which he was riding, and appellant's truck which was being driven by appellant's servant in due course of his employment.

The only error presented is the court's action in over-ruling appellant's motion for a new trial, under which the substantial question discussed is the sufficiency of the evidence. Appellant insists that its servant was not negligent, but that appellee's negligence was the sole cause of the injury as appears by the undisputed evidence, and that therefore such negligence or absence of negligence is a question of law for the court to determine. This contention is controverted by appellee. If there is any evidence to sustain the court's finding, the question is then one of fact, depending upon the weight of the evidence, and this court under such circumstances will not weigh the evidence.

It appears by the evidence that the accident occurred at the intersection of Stock street and Kentucky avenue in the city of Indianapolis. Kentucky avenue runs in a northeasterly direction, and the place of its intersection with Stock street is about seventy-five feet northeast of the crossing of the Belt railroad tracks. Just before the accident, the traffic, including appellee on his bicycle, a Ford automobile, and appellant's truck, were held on the south side of the Belt railroad by a passing train. When the way was clear, the traffic, including the above mentioned vehicles and numerous other vehicles, started north on Kentucky avenue, appellee being next to the curb on the east side, the Ford next, and then the truck. They started together, but the truck ran around the Ford and then turned in front of the Ford into Stock street. The driver of the Ford car set the emergency brake to keep from running into the truck. The driver of the truck

saw appellee at the Belt railroad, and then before the accident and before he had started to turn, he looked back and saw the Ford thirty or forty feet back, and appellee in the rear of the Ford. That was the last the driver saw of the appellee. The driver testified: "Smith was running, when I saw him, a pretty good gait." If so, the driver must also have been running at a pretty good gait, for he had gained on the Ford, and appellee, thirty or forty feet in running seventy-five feet, and had then turned so suddenly in front of the Ford as to require the Ford's emergency brake to prevent a collision. Appellee did not see the driver as he turned, for the Ford was between him and the truck. From these facts, all gleaned from appellant's statement of the evidence, the court found as a fact that appellant was negligent, and that appellee was not chargeable with contributory negligence. The question presented to us is one of fact, and not of law, and the court's finding will not be disturbed. Questions presented as to the admissibility of evidence present no reversible error. The judgment is affirmed.